UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC BOWERS, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-3544 |
| | § | |
| BACKCHINA, LLC *et al.*, | § | |
| | § | |
|    *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before this court is Plaintiff Eric Bowers's ("Bowers") motion to consolidate (Dkt. 8), Defendant BackChina, LLC's ("BackChina") response (Dkt. 9), and Bowers's late-filed reply to BackChina's response.[1]

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S.Ct. 1118, 1131, 200 L.Ed. 2d 399 (2018). *See also Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993) (same). Courts consider whether: the actions are pending before the same court; involve common parties; involve common questions of law or fact; there is any risk of prejudice or confusion versus risk of inconsistent adjudications; consolidation would promote judicial economy. *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015) (Harmon, J.) (citing *Frazier*, 980 F.2d at 1531).

---

[1] "*Unless otherwise directed by the presiding judge*, a party who has filed an opposed motion may file a brief within 7 days from the date the response is filed." S.D. Tex. LR7.4(E) (emphasis added). Per this court's local procedures, "[r]eply briefs should be submitted within five (5) days after the non-movants' response to the motion is filed." Judge Miller's Court Procedures § 6.A.4.

Here, the actions are all pending in this district, but they are not before the same court. The defendant—who opposes consolidation—is the same, but the plaintiffs are different in each case.[2] Although each plaintiff asserts a single claim for copyright infringement against BackChina, each case involves a different photograph. Dkt. 9 ¶¶ 1–6. In each case, BackChina has asserted a fair use defense. "Fair use is a mixed question of law and fact." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560, 105 S.Ct. 2218, 2230, 85 L.Ed. 2d 588 (1985) (citing *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1495 n.8 (11th Cir. 1984)). A court must consider four factors in determining fair use: "(1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the substantiality of the portion used in relation to the copyrighted work as a whole; (4) the effect on the potential market for or value of the copyrighted work." *Id.* at 560–61. Because each case involves a different plaintiff and a different photograph, the mixed question of law and fact in each case will necessarily be different. So there is little judicial economy to be had. Although the court disagrees with BackChina that it would be prejudiced by consolidation,[3] because all other factors weigh against consolidation, Bowers's motion (Dkt. 8) is **DENIED**.

Signed at Houston, Texas on December 31, 2019.

Gray H. Miller
Senior United States District Judge

---

[2] That the same two attorneys represent the plaintiff and defendant in each case is irrelevant because the attorneys are not parties to this action.

[3] Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 728, 77 L.Ed. 1331 (1933).